

FILED
Aug 25, 2021
10:45 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | |
|---|---|
| James Hawes ) | Docket No. 2021-08-0170 |
| ) | |
| v. ) | State File No. 2742-2021 |
| ) | |
| McLane Company, Inc., et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Allen Phillips, Judge ) | |

---

### Affirmed and Remanded--Corrected

---

In this appeal, the employer disputes the trial court's order requiring it to provide the employee a panel of physicians. The employee alleged he injured his back while lifting a box at work. Before providing the employee with a panel of physicians, the employer arranged for a test called an "electrodiagnostic functional assessment" to be performed. That test was interpreted to indicate that the employee did not suffer any acute work-related injury, and, as a result, the employer declined to provide a panel of physicians, asserting it had a valid defense to the claim based on the testing results. The employee argued the testing was not a sufficient basis for the employer to avoid its statutory obligation to provide a panel. Following an expedited hearing, the trial court determined the employee was entitled to a panel of physicians pursuant to Tennessee Code Annotated section 50-6-204(a)(3)(A)(i). The employer has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge David F. Hensley joined.

Kyle I. Cannon, Memphis, Tennessee, for the employer-appellant, McLane Company, Inc.

Jonathan L. May, Memphis, Tennessee, for the employee-appellee, James Hawes

### Factual and Procedural Background

James Hawes ("Employee") alleged he injured his back on December 8, 2020, while working for McLane Company, Inc. ("Employer"). Employee reported the incident and participated in a "triage call" arranged by Employer that same day. A report of the triage

1

call detailed a history of Employee "pulling some cases [when] he felt a pinch in the left side of [his] lower back" and Employee's report of numbness in his leg. According to the report, the "[d]octor said [Employee] needs to take an [electrodiagnostic functional assessment] test . . . [and] apply heat and take Advil." The report did not specify who spoke with Employee during the triage call but referenced an attempt to call a Dr. Badhi with "[n]o answer."

Three days later, on December 11, 2020, Employee underwent an electrodiagnostic functional assessment ("EFA") that was performed by a technician under the remote supervision of Dr. Naiyer Imam, a Tennessee-licensed neuroradiologist located out of state. A separate physical examination was performed by the technician during the December 11, 2020 visit under the supervision of Dr. Imam using "EFA guided technology." In a summary of the EFA, Dr. Imam noted that "both evaluations demonstrated chronic changes as evidenced by the bilateral inappropriate muscle usage" and "hyperactivity with range of motion and positional changes as well as inappropriate muscle usage." Dr. Imam compared Employee's December 2020 EFA test results with a baseline EFA that had been performed on August 21, 2020, when Employee was hired and determined "there was no acute pathology or change in [Employee's] condition." Dr. Imam stated in his summary that "there does not appear to be a need for treatment on an industrial basis."

The results of Employee's EFA were included in an "Electrodiagnostic Functional Assessment Report," dated December 11, 2020, that was signed by MaryRose Reaston, Ph.D. and Clay Everline, M.D.[1] In the report, both Drs. Reaston and Everline agreed the EFA demonstrated no acute pathology or change in Employee's condition from the baseline test but cautioned that "[c]linical correlation and screening for any contraindications to suggested treatment modalities is recommended." Based on the report, Employer concluded Employee's alleged work injury was not compensable and declined to provide workers' compensation benefits.

Thereafter, Employee filed a petition for benefit determination on February 9, 2021, seeking medical benefits and a panel of physicians. Following an unsuccessful mediation, an expedited hearing was held that included testimony from Employee and Dr. Reaston. During the hearing, Employee testified he was not provided a panel of physicians after reporting his injury but instead was seen by a "technician" who performed the examination under the supervision of a doctor participating by Zoom. Employee testified that during the test the technician "[placed] leads on certain parts of my back, and he asked me to do certain movements as far as touch[ing] my toes and rais[ing] my toes, and he would ask would I be in - - was I in pain. I told him yes, I was in pain, and he also noted that down

---

[1] Dr. Reaston is the Chief Executive Officer, Co-Founder, and Chief Science Officer of Emerge Diagnostics. Dr. Reaston obtained her undergraduate degree, Master's, and Ph.D. in Psychology as well as a Certificate of Electromyography and Clinical Neurophysiology. Dr. Clayton Everline is a medical doctor located in the state of Hawaii and is not licensed to practice medicine in Tennessee.

2

as well." Employee confirmed that he participated in a similar test when he was hired but testified that no doctor was involved in the testing.

Dr. Reaston testified she was the "chief executive officer, co-founder, and chief science officer" of Emerge Diagnostics, a company "in the business of providing better diagnostics for musculoskeletal disorders and performing electrodiagnostic functional assessment services." Dr. Reaston explained the methodology of an EFA, testifying that it "measures muscle function [and] indirectly measures nerves and [the] clinical significance of disc pathology," among other things. Dr. Reaston confirmed that "medical personnel" place the electrodes on patients but stated the test is ordered by a medical doctor. Dr. Reaston acknowledged that Employee did not select Dr. Imam to conduct the December 2020 EFA telemedicine visit.

Following the expedited hearing, the trial court ordered Employer to provide a panel of physicians pursuant to Tennessee Code Annotated section 50-6-204(a)(3)(A)(i). The court stated in its order that the referral of an employee to a single physician "does not comply with the statute" and that Employer "obtained the EFA by failing to comply with the statute when it referred [Employee] to a single physician, thus usurping his privilege to choose one from a panel." Employer has appealed.

**Standard of Review**

The standard we apply in reviewing the trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2020). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, a trial court's findings based upon documentary evidence is reviewed do novo with no presumption of correctness. *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2020).

**Analysis**

The single issue raised on appeal is whether the trial court erred in determining Employee is entitled to a panel of physicians in accordance with Tennessee Code Annotated section 50-6-204. Section 50-6-204(a)(3)(A)(i) provides, in pertinent part:

> [I]n any case when the employee has suffered an injury and expressed a need for medical care, the employer shall designate a group of three (3) or more independent reputable physicians, surgeons, chiropractors or specialty practice groups if available in the injured employee's community or, if not so available, in accordance with subdivision (a)(3)(B), from which the injured employee shall select one (1) to be the treating physician.

Moreover, Rule 0800-02-01-.06(1) of the rules governing the Bureau of Workers' Compensation requires an employer to provide the employee a panel of physicians "[f]ollowing receipt of notice of a workplace injury and the employee['s] expressing a need for medical care." Tenn. Comp. R. & Regs. 0800-02-01-.06(1). In the present case, Employee alleged he sustained an injury and reported the work accident in a timely manner. Employer did not dispute the occurrence of the underlying work incident but instead arranged for and directed Employee to participate in a "triage call" and subsequent EFA with providers it selected. It is undisputed Employee was never provided a panel of physicians, and it was not until after the EFA was conducted that Employer disputed the compensability of Employee's claim.

Noting that it is responsible for investigating an employee's alleged injury to determine whether the injury arose out of and occurred in the course and scope of employment, Employer asserts that "[t]he ultimate decision made by the employer is determinative, at least as a preliminary matter, [as] to whether the employee is entitled to receive the benefits and remedies afforded by the Workers' Compensation Laws." In its brief on appeal, Employer relies on Tenn. Comp. R. and Regs. 0800-02-01-.06(4), which provides, in part, that "Employers may direct injured employees to onsite, in-house or other similar employer-sponsored medical providers prior to providing an initial panel of physicians for an examination as allowed in [Tennessee Code Annotated section] 50-6-204(d)(1)."

In its brief, Employer acknowledges that Tenn. Comp. R. and Regs. 0800-02-01-.06(4) also provides that the examination "*does not satisfy nor alleviate the requirement for providing an appropriate panel within three (3) business days* referenced in 0800-02-01-.06(2)." (Emphasis added.) However, Employer argues that if its initial examination "is undertaken in accordance with Tenn. Code Ann § 50-6-204(d)(1) and Tenn. Comp. R. and Regs. 0800-02-01-.06(4) and . . . leads to evidence that supports a valid defense to an employee's alleged injury, then a denial of the injury is in order and no panel need to be provided."

4

Employee contends that Employer's "evidence that this is not a compensable injury arises from its very failure to comply with the law." Employee concedes there are instances in which an employee's claim of a workplace injury could be denied prior to the provision of a panel of physicians but maintains that "[i]n each scenario, the basis for the denial is not intrinsically tied to the question of medical causation, but rather to the facts surrounding the incident."

We conclude that while an employer may direct an employee to see an "employer-sponsored medical provider" prior to the provision of a panel, this examination does not replace a panel or relieve that employer of its obligation to provide a panel of physicians as contemplated in Tennessee Code Annotated section 50-6-204(d)(1) and Tenn. Comp. R. and Regs. 0800-02-01-.06(1). Rather, the rule is consistent with the statute and requires an employer to provide a panel that meets statutory requirements, thus ensuring an employee has an opportunity to select a physician. An employer who fails to provide a panel of physicians runs the risk of having to pay for unauthorized medical care in the event the trial court determines that a panel should have been provided. *See, e.g.*, *Young v. Young Elec. Co.*, No. 2015-06-0860, 2016 TN Wrk. Comp. App. Bd. LEXIS 24, at *16 (Tenn. Workers' Comp. App. Bd. May 25, 2016).

Employer contends it has an "absolute right to decline providing a panel of physicians when the employer has 'evidence establishing a defense' to the employee's alleged work-related injury." (Emphasis omitted.) While we agree an employer has a right to investigate and deny an employee's claim based on its factual assertion that the alleged work accident did not occur as reported, or as the result of asserting an affirmative defense, *see* Tennessee Code Annotated section 50-6-110, an employer's assertion that an employee has no medical evidence supporting his or her claim does not, standing alone, excuse it from the statutory obligations under section 50-6-204(a)(1)(A). In *Lindsey v. Strohs Companies*, 830 S.W.2d 899 (Tenn. 1992), the Tennessee Supreme Court explained the concomitant duties of the parties with respect to medical treatment:

> Under Tenn. Code Ann. § 50-6-204 . . ., an employer has a duty to furnish medical and surgical treatment reasonably necessary to treat a work-related injury. Under the same statute, the injured employee has a corresponding duty to accept the medical benefits provided by the employer, but only if the employer provides a list of three or more physicians or surgeons from which the employee has the privilege of selecting the operating surgeon or attending physician. Where the employer fails to give the employee the opportunity to choose the ultimate treating physician from a panel of at least three physicians, the employer runs the risk of having to pay the reasonable cost for treatment of the employee's injuries by a physician of the employee's choice.

*Id.* at 902-03.

5

As we explained in *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015):

> [A]n employee need not prove each and every element of his or her claim by a preponderance of the evidence at an expedited hearing to be entitled to temporary disability or medical benefits but must instead present evidence sufficient for the trial court to conclude that the employee would likely prevail at a hearing on the merits in accordance with the express terms of section 50-6-239(d)(1). A contrary rule would require many injured workers to seek out, obtain, and pay for a medical evaluation or treatment before his or her employer would have any obligation to provide medical benefits. The delays inherent in such an approach, not to mention the cost barrier for many workers, would be inconsistent with a fair, expeditious, and efficient workers' compensation system.

*Id.* at *9-10 (internal citation omitted).

In *Berdnik v. Fairfield Glade Cmty. Club*, No. 2016-04-0328, 2017 TN Wrk. Comp. App. Bd. LEXIS 32 (Tenn. Workers' Comp. App. Bd. May 18, 2017), the employee alleged she suffered a low back injury while reaching into an ice machine. She was not provided a panel of physicians and sought treatment on her own. A subsequent MRI ordered by her physician revealed degenerative disc disease, central canal stenosis, and "evidence of a prior surgery." *Id.* at *3. The employee did not dispute a history of back problems, including a lumbar fusion that was performed prior to her work incident. After taking a statement from the employee, the employer denied the claim and, several months later, scheduled a medical examination with an orthopedic physician of the employer's choice. *Id.* at *4. The physician selected by the employer reviewed diagnostic studies, including x-rays and an MRI, and concluded there was no objective evidence that the employee's complaints were related to a work-related injury. *Id.* at *5. As a result of this expert's opinions, the trial court concluded the employee was not likely to prevail at trial in proving entitlement to medical or temporary disability benefits. *Id.* at *5-6. Nevertheless, the trial court ordered the employer to provide a panel of physicians. *Id.* at *6.

On appeal, we affirmed the trial court's underlying determination that the employee was unlikely to prevail at trial but reversed the trial court's order for a panel of physicians, explaining our reasoning as follows:

> In awarding medical benefits in this case, the trial court relied upon *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). There is, however, a key distinction between the facts and circumstances of this case and those in *McCord*. In that case, there was no medical proof either

establishing or refuting causation. The employer in that case had provided a panel of physicians but had refused to schedule an appointment with the physician the employee chose. *Id.* at \*5. Here, however, there is a medical opinion addressing causation, and that opinion is uncontradicted at this stage of the case. To order medical benefits under these circumstances is to ignore the only expert medical proof in the record, which we cannot do.

*Id.* at \*14.

The circumstances of *Berdnik* are distinguishable from the present case. In *Berdnik*, the employee sought treatment on her own for several months after the alleged work incident and had ample opportunity to present expert medical proof at the expedited hearing to refute the causation opinion of the employer's expert. Moreover, the employer's expert was a board-certified, Tennessee-licensed orthopedic surgeon who personally examined the employee and expressed an opinion that the employee's medical complaints were related to a preexisting, previously symptomatic back condition.

Here, Employee alleged a work injury, which he timely reported, and Employer did not contest the occurrence of the underlying incident. Instead of providing Employee with a panel of physicians prior to denying the claim, Employer directed Employee to a particular medical technician who, under the supervision of a physician located out of state, conducted a single diagnostic test. Employer then relied on those findings as a basis to deny Employee's claim and refused to provide a panel of physicians.

Importantly, the testing ordered by Employer's provider did *not* establish that no compensable work accident occurred; instead, it purported to show that there were no recent, acute physiological changes caused by the reported work accident. While the technology and test results relied upon by Employer may be relevant in determining the ultimate compensability of Employee's claim, it does not relieve Employer of its statutory obligation to provide a panel of physicians when a work accident has been reported, Employer has no factual evidence to contest the occurrence of the reported accident, no affirmative defense has been asserted, and medical treatment has been requested.[2] Thus, under the particular circumstances presented at this stage of the proceedings, we conclude the preponderance of the evidence supports the trial court's determination that Employee is entitled to a panel of physicians.

---

[2] Employer's argument conflates the occurrence of a work-related accident with the potential injurious results of that accident. *See* Tenn. Code Ann. § 50-6-204(a)(1)(A) (an employer is obligated to provide medical benefits "made reasonably necessary by *accident* as defined in this chapter") (emphasis added). This does not, of course, foreclose the possibility that an employer may subsequently prove no injury arose primarily from the work accident, as Employer is seeking to prove here.

## Conclusion

For the foregoing reasons, the trial court's order is affirmed, and the case is remanded. Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| James Hawes | ) | Docket No. 2021-08-0170 |
| | ) | |
| v. | ) | State File No. 2742-2021 |
| | ) | |
| McLane Company, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Allen Phillips, Judge | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 26th day of August, 2021.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Kyle Cannon | | | | X | kcannon@gwtclaw.com |
| Jonathan May<br>Christina Woods | | | | X | jmay@forthepeople.com<br>cwoods@forthepeople.com |
| Allen Phillips, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov